## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAY HILDINGER,                                    )
                                                 )
                              Plaintiff,          )
                                                 )        CIVIL ACTION
v.                                               )
                                                 )        No. 15-1145-JWL
CAROLYN W. COLVIN,                               )
Acting Commissioner of Social Security,          )
                                                 )
                              Defendant.         )
_____          )


## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security

(hereinafter Commissioner) denying Supplemental Security Income benefits (SSI) under

sections 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 1381a, and

1382c(a)(3)(A) (hereinafter the Act). Finding no error in the Administrative Law Judge's

(ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth

sentence of 42 U.S.C. § 405(g) AFFIRMING that decision.

## I.     Background

Plaintiff applied for SSI benefits, alleging disability beginning August 1, 2005. (R.

11, 154). Plaintiff exhausted proceedings before the Commissioner, and now seeks

judicial review of the final decision denying benefits. Plaintiff argues that the ALJ erred

at step two of his consideration in finding that Plaintiff's hepatitis C is not a severe

impairment and in finding that Plaintiff does not have a severe combination of impairments.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence and whether she applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the

3

economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084,

1088 (10th Cir. 1999).

The ALJ determined in her step two analysis that Plaintiff's mental and physical

impairments are not severe within the meaning of the Act and that Plaintiff remains

capable of performing his past relevant work.  Therefore, she ended her decision at step

two, with the determination that Plaintiff's medically determinable impairments are not

severe, and did not evaluate Plaintiff's condition pursuant to the remaining steps of the

sequential evaluation process.  The court finds no error in the ALJ's decision.

## II.    Discussion

Plaintiff points to the medical opinions in the record, and argues that they

demonstrate that his impairments have more than a minimal effect on his ability to

perform basic work activities.   (Pl. Br. 7-9).  He noted that Dr. Miller opined regarding

functional limitations including lift and carry twenty five pounds, stand and/or walk about

six hours in a workday, and only occasionally perform postural activities.  Id., at 7-8

(citing R. 331-32).  He noted that Dr. Henderson did not opine regarding functional

limitations, but found edema, stasis changes on both shins, and mild difficulty standing

and arising, and mild difficulty hopping.  Id. at 8 (citing R. 342-43).  And, he noted an

opinion by Dr. Timmerman, affirmed by Dr. Rabelo, that Plaintiff could lift fifty pounds

occasionally and 25 pounds frequently, sit or stand and/or walk about six hours in a

workday, and never climb ladders, ropes, or scaffolds.  Id., at 8 (citing R. 74, 241).

Plaintiff argues that these opinions demonstrate that he "was limited in basic work

4

activities."  (Pl. Br. 11) (citing R. 74-75, 241, 331-34).  Finally, he claims that "[t]he ALJ's conclusion that the record provided no basis for the opinions from medical professionals is not supported by substantial evidence and represents the ALJ's attempt to substitute her lay opinion for that of a medical professional."  Id.

The Commissioner argues that "Plaintiff fails to show that he had functional limitations that resulted from his hepatitis C that met even the de minimis requirements for" finding a severe impairment.  (Comm'r Br. 3).  She points to the record evidence which in her view supports the ALJ's finding of no severe impairment or combination of impairments.  Id., at 3-5.  She argues that even if the ALJ erred in finding that Plaintiff's impairments are not severe, that error is harmless because the ALJ determined that Plaintiff could perform his past relevant work.  Id., at 5.

In his Reply Brief, Plaintiff argues that "[a] reasonable mind would not accept the ALJ's conclusion that [Mr.] Hildinger's impairment was only a slight abnormality in the face of three physicians finding at least some limitation in functioning."  (Reply 1).  He points out that the Listings recognize the findings of edema and stasis change "as evidence of chronic liver disease," and asserts again that three of the medical sources "opined that [Mr.] Hildinger would have limitation in functioning."  Id. at 2 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 5.00D(3)(b); R. 74-75, 241, 331-34).

### A.    Standard to Evaluate Medically Determinable Impairments

At step two it is Plaintiff's burden to show that he had a severe medically determinable impairment during the time he alleges he was disabled.  20 C.F.R.

§ 416.920(a)(4)(ii).  The determination at step two is based on medical factors alone, and not vocational factors such as age, education, or work experience.  Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003).  A claimant must provide medical evidence that he had an impairment and how severe it was during the time he alleges he was disabled.  20 C.F.R. § 416.912(c).

An impairment is not considered severe if it does not significantly limit plaintiff's ability to do basic work activities.  20 C.F.R. § 416.921.  The Tenth Circuit has interpreted the regulations and determined that to establish a "severe" impairment or combination of impairments at step two, plaintiff must make only a "de minimis" showing.  Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997).  Plaintiff need only show that an impairment would have more than a minimal effect on his ability to do basic work activities.  Williams, 844 F.2d 748, 751 (10th Cir. 1988).  However, he must show more than the mere presence of a condition or ailment.  Hinkle, 132 F.3d at 1352 (citing Bowen v. Yuckert, 482 U.S. 137, 153 (1987)).  If an impairment's medical severity is so slight that it could not interfere with or have a serious impact on plaintiff's ability to do basic work activities, it could not prevent plaintiff from engaging in substantial work activity and will not be considered severe.  Hinkle, 132 F.3d at 1352.

Basic work activities are "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b).  The regulation provides examples of basic work activities: "Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; Capacities for seeing, hearing, and speaking; Understanding,

6

carrying out, and remembering simple instructions; Use of judgment; Responding appropriately to supervision, co-workers, and usual work situations; and Dealing with changes in a routine work setting." Id. at (b)(1-6).  Social Security Ruling (SSR) 85-28, Titles II and XVI:  Medical Impairments that Are Not Severe, contains an identical listing of examples of basic work activities.  1983-91 West's Soc. Sec. Reporting Serv. 393 (1992).  The severity of all of Plaintiff's impairments must be assessed in combination, not separately.  Id.

"A claim may be denied at step two only if the evidence shows that the individual's impairments, when considered in combination, are not medically severe." Id. "If such a finding is not clearly established by medical evidence . . . adjudication must continue through the sequential evaluation process." Id.  "A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and an informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities." Id. "Great care should be exercised in applying the not severe impairment concept.  If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step.  Rather, it should be continued." 1983-91 West's Soc. Sec. Reporting Serv., at 394.

**B.      The ALJ's Step Two Findings**

The ALJ found that Plaintiff has medically determinable impairments including "history of hypertension, cardiovascular issue with mild cardiomegaly, life-long asthma, history of Hepatitis C, headaches, history of renal disease, and depressive disorder." (R. 13). She found, however that these impairments, individually or in combination, do not significantly limit Plaintiff's ability to perform basic work activities and, therefore do not constitute a severe impairment or combination of impairments within the meaning of the Act. Id. She found that "even if [Plaintiff's] medical condition could be analyzed as severe impairments, the evidence supports that he can do past relevant work." (R. 14).

The ALJ found that Plaintiff's allegations of symptoms "are not entirely credible." Id. She summarized the medical evidence, including Dr. Miller's examination report, Dr. Henderson's examination report, Dr. Allen's psychological examination report, and treatment records from Pratt Internal Medicine Group, Pratt Regional Hospital, and Matrix Center. (R. 15-17).[1] The ALJ discussed the opinion evidence, according no weight to the opinion of the Single Decision Maker, little weight to the opinions of Dr. Timmerman and Dr. Miller, and substantial weight to the opinions of the psychologists, Dr. Wilkinson, and Dr. Allen. (R. 17). Finally, the ALJ applied the Psychiatric Review Technique and found that Plaintiff has no limitations in activities of daily living, social functioning, or concentration, persistence, or pace, and has experienced no episodes of decompensation. (R. 18). She concluded that Plaintiff's "physical and mental

---

[1]The ALJ did not name each provider, medical source, or entity named here, but her medical summary cites to the record of each one.

impairments considered singly and in combination do not significantly limit [his] ability to perform work activities," and that he does not have a severe impairment or combination of impairments.  Id.

### C.      Analysis

Plaintiff has shown no error in the ALJ's decision.  Plaintiff does not provide specific argument regarding the ALJ's consideration of his mental impairments and her evaluation of the opinions of the psychologists, Dr. Willkinson and Dr. Allen.  Moreover, no acceptable medical source, including Dr. Wilkinson or Dr. Allen, opined that Plaintiff's mental impairments are severe.  Therefore, the court does not further discuss the finding that Plaintiff's mental impairments were not severe, except to note that the ALJ specifically considered the physical and mental impairments "in combination" when she determined that Plaintiff has no severe impairment or combination of impairments. (R. 18).

Plaintiff's arguments imply it was error for the ALJ to accord little weight to the opinions of Dr. Miller and Dr. Timmerman (whose opinion was subsequently affirmed by Dr. Rabelo), but he does not explain how or in what way he believes the ALJ erred, other than to assert that the ALJ erroneously applied the de minimis standard and substituted her opinion for that of the physicians.  The court finds no error in the ALJ's evaluation of the medical opinions, or in the determination that Plaintiff's physical and mental impairments singly or in combination are not severe within the meaning of the Act.

As Plaintiff acknowledges, the ALJ recognized that the opinions at issue included opinions that at least imply that Plaintiff's physical impairments are severe.  (R. 71, 327-34).  And, the severity finding is clearly the primary portion of each opinion that the ALJ rejected.  She did not reject any of the diagnoses made by these physicians, because as noted above, she found that Plaintiff has medically determinable impairments, including "history of hypertension, cardiovascular issue with mild cardiomegaly, life-long asthma, history of Hepatitis C, headaches, history of renal disease, and depressive disorder."  (R. 13); see also (R. 71, 255-60, 327-28, 343-44).

Relatedly, the ALJ rejected the opinions that Plaintiff was limited to medium exertion:

> although they limited the claimant to medium exertion due to the claimant's history of hepatitis C, as noted above, there are no associated signs such as jaundice, ascites, organomegaly, abdominal tenderness, guarding or rigidity, anemia or any similar condition typical for hepatitis C and liver function testing was normal.  Therefore, there is little basis for th[ese] doctors' opinion and, despite their program knowledge, review of the record and Dr. Miller's examination; the undersigned does not find their opinions persuasive.  The opinions are accorded little weight.

(R.17).  The ALJ's finding in this regard is supported by the record evidence.  The record does not reveal any of the associated signs suggested by the ALJ.  Therefore, as she found, there is little basis for limiting Plaintiff's lifting, carrying, pushing, and pulling to 50 pounds.  Moreover, Dr. Miller specifically noted that Plaintiff "is asymptomatic" regarding hepatitis C.  (R. 332).

Further, Plaintiff acknowledges that the ALJ found, during her summary of the medical record, that Plaintiff does "not have a history of encephalopathy, detoxification, jaundice, anemia, liver or spleen enlargement, ascites or abdominal tenderness, guarding, or rigidity or deep vein obstruction."  (Pl. Br. 9) (citing R. 16).  He does not suggest that any of these findings are erroneous, but he argues that the ALJ merely substituted her opinion for that of the physicians, id., and "did not cite any source indicating that the listed findings are necessary to satisfy the de minimis requirement at step two."  Id. at 10. Plaintiff's argument misses the point of the ALJ's findings.  Her findings were made to illustrate that although Plaintiff has the medically determinable impairments diagnosed by the physicians, those impairments do not result in significant physical affects on Plaintiff, and there is no basis in the medical evidence to place the exertional limitations opined on Plaintiff.  Plaintiff points to no record medical evidence, other than the opinions at issue, that Plaintiff has exertional limitations.  And, as the ALJ found, the physicians provided no evidentiary basis for the exertional limitations opined, beyond the diagnoses, and their own bare opinions to that effect.

In his Brief, Plaintiff also argues that his impairments are severe because Dr. Henderson found edema, stasis changes on the shins, mild difficulty squatting and arising, and mild difficulty hopping.  (Pl. Br. 8) (citing R. 342-43).  But, Plaintiff does not suggest a basic work activity which is more than minimally affected by these findings.  The ALJ specifically considered and discussed Dr. Henderson's report of his examination.  (R. 15-16).  And, the court may not reweigh the evidence and substitute its judgment for that of

the Commissioner.  As Plaintiff acknowledges, he must show more than the mere

presence of a condition or ailment.  <u>Hinkle</u>, 132 F.3d at 1352 (citing <u>Yuckert</u>, 482 U.S. at

153).

      As Plaintiff argues, reasonable doubts as to severity should be resolved in favor of

the claimant, and the adjudication must continue if a "not severe" finding is not clearly

established by the medical evidence.  (Pl. Br. 10) (citing <u>Church v. Shalala</u>, No. 93-7070,

1994 WL 139015 at *2 (10th Cir. April 19, 1994)).  But, Plaintiff has demonstrated no

reasonable doubt in the Commissioner's decision, and the medical evidence clearly

establishes the ALJ's finding that Plaintiff's medical impairments are not severe.


      **IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the

fourth sentence of 42 U.S.C. § 405(g) AFFIRMING that decision.



      Dated this <u>8th</u> day of April 2016, at Kansas City, Kansas.



                      <u>s:/ John W. Lungstrum</u>
                      **John W. Lungstrum**
                      **United States District Judge**